Coto Zelaya v. Garland

BIA
Vomacka, IJ
A206 072 061/062

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-three.

PRESENT:
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

MICHELLE AUXILIADORA COTO ZELAYA,
FREDY DANILO AGUSTIN MORENO,
> *Petitioners*,

v.                                                     **21-6084**
                                                       **NAC**

MERRICK B. GARLAND, UNITED

**STATES ATTORNEY GENERAL,**
                                    *Respondent.*

_____

**FOR PETITIONERS:**          Faith E. Gay; Ester Murdukhayeva,
                              Selendy Gay Elsberg PLLC,
                              New York, NY.


**FOR RESPONDENT:**           Brian Boynton, Acting Assistant Attorney
                              General; Keith I. McManus, Assistant
                              Director; Nelle M. Seymour, Trial Attorney,
                              Office of Immigration Litigation, United
                              States Department of Justice, Washington,
                              DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Michelle Auxiliadora Coto Zelaya, a native and citizen of

Honduras, and Fredy Danilo Agustin Moreno, a native and citizen of Guatemala,

seek review of a January 19, 2021 decision of the BIA affirming a July 18, 2018

decision of an Immigration Judge ("IJ"), which denied Coto Zelaya's claims for

asylum and withholding of removal and determined that she had waived her

claim for relief under the Convention Against Torture ("CAT").* *In re Michelle*

---

* This order refers primarily to Coto Zelaya, as her husband Agustin Moreno was a derivative beneficiary of her asylum claim.

2

*Auxiliadora Coto Zelaya, Fredy Danilo Agustin Moreno*, Nos. A206 072 061/062 (B.I.A. Jan. 19, 2021), *aff'g* Nos. A206 072 061/062 (Immig. Ct. N.Y. City July 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear or likelihood of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). The agency reasonably concluded that Coto Zelaya failed to establish that she suffered past persecution because she did not allege that she was harmed when gang members shot at her car. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is

3

an extreme concept that does not include every sort of treatment our society regards as offensive." (quotation marks omitted)). Contrary to Coto Zelaya's contention, the agency was not required to consider the harm her siblings suffered after she left Honduras in evaluating whether she had suffered past persecution. *See Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 308 (2d Cir. 2007) (holding that "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered"); *Tao Jiang v. Gonzales*, 500 F.3d 137, 141–42 (2d Cir. 2007) (noting that harm to an applicant's family member might amount to past persecution if the applicant was in the "zone of risk" and suffered some harm following the incident or the harm was a means of targeting the applicant). Because Coto Zelaya did not demonstrate past persecution, she was not entitled to a presumption of a well-founded fear or likelihood of persecution and thus had the burden to establish that she had such a fear on account of a protected ground. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b).

Coto Zelaya did not meet that burden. She proposed social groups consisting of business owners and her family. "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable, and that the alleged persecutors targeted [or would target] the applicant on

4

account of her membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (quotation marks and citations omitted). "In cases where there is more than one motive for mistreatment (also known as mixed-motive cases), . . . an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "[T]he fact that a persecutor has threatened an applicant and members of his [or her] family does not necessarily mean that the threats were motivated by family ties." *Id.* (quotation marks omitted). "Instead, because membership in the family cannot be a minor, incidental, or tangential reason for the harm, the fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground." *Id.* (quotation marks omitted).

The agency reasonably concluded that, even assuming Coto Zelaya's social group was cognizable, she failed to establish a nexus between the harm she fears and her membership in her proposed social groups because her testimony demonstrated that the gang targeted her and her family for financial reasons based solely on their interest in obtaining wealth rather than for any "animus toward"

business owners or her family. *Id.* at 758 (agreeing that applicant failed to establish a nexus between harm she and her family suffered and her family membership where a gang targeted her business-owning family based on the family's perceived wealth rather than animus against the family); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act].").

Although a CAT claim does not require a nexus to a protected ground, the BIA did not err in concluding that Coto Zelaya waived her CAT claim because she did not argue it in her brief to the BIA. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues and claims not raised in his brief). Because she did not raise her CAT claim to the BIA, it is not properly before us. *See Quituizaca v. Garland*, 52 F.4th 103, 116 (2d Cir. 2022) ("We require the petitioner to raise issues to the BIA in order to preserve them for judicial review." (quotation marks and brackets omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court